# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARIAH D.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-160**      (Fam. Ct. of Jefferson Cnty. Case No. FC-19-2017-D-290)

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL N.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mariah D.[1] ("Mother") appeals the Family Court of Jefferson County's March 29, 2025, and April 3, 2025, orders that required the parties to attend family assessment therapy without a pending motion or notice.[2] Respondent Michael N. ("Father") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the party's argument, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law.[3] This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's April 3, 2025, and March 29, 2025, orders are reversed, in part, as they pertain to family therapy.

The parties are the parents of two minor children who were born in 2010 and 2012. The family court entered an initial custodial allocation order on March 12, 2018, and by order entered October 2, 2019, the family court modified that initial custody order. Sometime thereafter, Father filed a petition to modify the October 2, 2019, order, seeking additional parenting time.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mariah D. is represented by Cinda L. Scales, Esq.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

1

On August 28, 2024, the family court held a final hearing on Father's petition for modification. The family court held an in-camera interview of the children, who were twelve and fourteen years of age, where they expressed that they were happy with the current custodial arrangement. By order entered October 22, 2024, the family court found that the children were of advanced age, reasonably mature to express their custodial preference, and that Father agreed that it was in the children's best interest to honor their custodial preference. As such, the court found that the children preferred for custody to remain the same and ordered that the custodial allocation as set forth in the court's October 2, 2019, order remain in place. Thus, pursuant to the children's preference, the court awarded Father parenting time every Thursday to Sunday, and every Wednesday evening for dinner. The October 22, 2024, order also required Father to file a full financial disclosure within ten days of the August 28, 2024, hearing.

On January 28, 2025, Mother filed a petition for contempt, alleging that Father had not filed his full financial disclosure as required by the family court's October 22, 2024, order. By order entered February 6, 2025, the family court ordered Father to appear on March 27, 2025, for a hearing to show cause why Mother's petition for contempt should not be granted.

On March 27, 2025, the family court held a show cause hearing on Mother's petition for contempt regarding Father's failure to file his full financial disclosure. By final contempt order entered April 3, 2025, the family court found Father in contempt of the court's October 22, 2024, order because Father did not file his full financial disclosure until March 27, 2025. As stated in the contempt order, the family court also ordered, "without any motion pending[,]" the parties to "participate in a [f]amily [a]ssessment" with Winchester Mental Health ("Winchester"). The order prohibited the parties from filing any future motions until the family assessment from Winchester was filed with the family court. The court warned that the failure of the parties to follow this order could result in the dismissal of any future filings.

The family court entered a separate order directing the parties to participate in family assessment therapy on March 29, 2025. This order stated that after hearing Mother's petition for contempt on March 27, 2025, the court found there was "good cause shown for a [f]amily [a]ssessment and that such appointments are in the best interest of the children[.]" The court went on to explain that the "family previously and unsuccessfully worked with [another doctor,] as evidenced by the frequent filings since 2017 and the father not exercising his custodial allocation time with his children." The court stated that the "parents' inability to co-parent in a healthy manner appears to be having a negative impact on the children and their relationship with their father." As such, the March 29, 2025, order directed the parties to "follow the recommendations of [Winchester] in repairing the bond between the father and his children and helping the parents to have a healthy co-parenting relationship."

Additionally, the March 29, 2025, order directed the parties to contact Winchester within seven days of the order's entry and to complete any intake and paperwork the facility deemed necessary, including but not limited to, authorizations to permit Winchester to receive or to provide information about the parties and the children. These authorizations extended to ordering the parties to complete any forms necessary to allow Winchester complete access to the parties' AppClose communication accounts. The order also gave Winchester complete discretion regarding each therapy session's duration, frequency, location, and attendees, and ordered that "a party may bring the children when it is not that party's parenting time." Family therapy was ordered to continue until Winchester recommended that the goals in its assessment were met, that no further progress was possible, or that a referral to another agency was necessary. The order restricted Winchester from making "recommendations as to the parenting time schedule or access to the child[ren]" but permitted Winchester to make "recommendations to the parties regarding changes in conduct that may be helpful[.]" The parties were ordered to equally divide the costs related to Winchester's counseling services. The March 29, 2025, order concluded by stating that it was "ordered and adjudged that this matter shall not come on for another hearing for any future filings of contempt and/or modification until after the family assessment is filed[.]" Mother now appeals the March 29, 2025, and April 3, 2025, orders.

When reviewing the orders of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother argues one assignment of error. She contends that the family court abused its discretion by sua sponte ordering the parties to participate in family assessment therapy at Winchester without proper notice. In support of Mother's argument, she maintains that the family court's order violated her due process rights when the only issue noticed for hearing was Mother's petition for contempt regarding Father's failure to file his financial disclosure.[4] We agree.

---

[4] Mother also avers that the family court's order violates her family's right to privacy as Winchester requires a copy of medical records for every family member and requires each member to submit to a drug test.

As an initial matter, we find the manner in which the March 29, 2025, family assessment order was presented failed to comply with Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court.[5] Importantly, Rule 22(b) expressly provides that when an order is prepared for submission to the court, a copy of that draft order must be sent to all parties with a notice that written objections may be submitted to the family court within five days. Here, as the March 29, 2025, order was entered two days after the March 27, 2025, contempt hearing, Mother was not served a copy of the order to have an opportunity to object. The Supreme Court of Appeals of West Virginia ("SCAWV") has long held that

> [i]t is axiomatic that " '[t]he due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.' Syl. Pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937)." Syl. Pt. 3, *State ex rel. Chris Richard S. v. McCarty*, 200 W. Va. 346, 489 S.E.2d 503 (1997).

*David C. v. Tammy S.*, 244 W. Va. 577, 581, 855 S.E.2d 885, 889 (2021). Thus, Mother was deprived of notice and her right to object.

Additionally, it is undisputed that there was no pending motion regarding therapy, custody, or otherwise. The only issue properly pending before the family court was Mother's petition for contempt regarding Father's failure to file his full financial disclosure within ten days of the court's October 22, 2024, order. Upon review, there is nothing in the

---

[5] Rule 22(b) of the Rules of Practice and Procedure for Family Court provides:

*Preparation of Orders and Findings.*—In proceedings in which both parties are self-represented, the court shall prepare all orders and findings of fact. In proceedings in which one or both parties are represented by attorneys, the court may assign one or more attorneys to prepare an order or proposed findings of fact. An attorney assigned to prepare an order or proposed findings shall deliver the order or findings to the court no later than ten days after the conclusion of the hearing giving rise to the order or findings. Within the same time period the attorney shall send all parties copies of the draft order or findings together with a notice which informs the recipients to send written objections within five days to the court and all parties. If no objections are received, the court shall enter the order and findings no later than three days following the conclusion of the objection period. If objections are received, the court shall enter an order and findings no later than ten days after the receipt of the objections.

record to indicate that Mother was put on notice that family assessment therapy could be ordered as a result of the contempt hearing. Rather, the record demonstrates that just five months prior to the court's order requiring family therapy, the court interviewed the children and specifically found that the children's custodial preference was in their best interest because they were of advanced age and reasonably mature to express their preference. As such, Mother had no way of knowing that anything other than the issue of contempt would be considered by the court. Therefore, we find that the family court abused its discretion by sua sponte ordering family assessment therapy.

Accordingly, we reverse, in part, the family court's March 29, 2025, and April 3, 2025, orders.[6]

Reversed, in part.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[6] We note that our review of the family court's orders pertains solely to the issues surrounding family therapy. Thus, this decision does not affect the family court's rulings on contempt or child support, as no holdings in the orders other than with respect to family therapy were challenged on appeal.